IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PRESERVATION TECHNOLOGIES LLC,

          Plaintiff,

    vs.

MLB ADVANCED MEDIA, L.P.

        Defendant.

C.A. NO.:

JURY DEMANDED

## COMPLAINT

Plaintiff Preservation Technologies LLC ("Preservation Technologies" or "Plaintiff") alleges as follows:

## THE PARTIES

1. Plaintiff Preservation Technologies is a limited liability company organized and existing under the laws of the State of Delaware.

2. Upon information and belief, Defendant MLB Advanced Media, L.P. ("MLB" or "Defendant") is a limited partnership organized and existing under the laws of the State of Delaware, with a place of business located at 75 Ninth Avenue, Fifth Floor, New York, NY 10011. Defendant can be served with process by serving its registered agent for service of process in the State of Delaware, Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, Delaware, 19808.

## JURISDICTION AND VENUE

3. This is an action for infringement of United States patents arising under 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. §1331 and §1338(a).

1

4.      Upon information and belief, personal jurisdiction by this Court over Defendant is proper because Defendant is incorporated in Delaware and regularly conducts business within the State of Delaware.

5.      Venue properly lies in this district under the provisions of 28 U.S.C. § 1391 because Defendant has purposely and repeatedly availed itself of the privilege of doing business within the district.

## THE PATENTS-IN-SUIT

6.      On September 22, 1998, United States Patent No. 5,813,014 ("the '014 Patent") was duly and legally issued for a "Method and Apparatus for Management of Multimedia Assets."  The invention disclosed by the '014 Patent is a generalized solution for management of multimedia assets comprising interfaces between various components of a multimedia system. These interfaces provide for communication between the components to accomplish searching for and retrieving multimedia assets.  A true and correct copy of the '014 Patent is attached hereto as Exhibit "A."

7.      On November 3, 1998, United States Patent No. 5,832,499 ("the '499 Patent") was duly and legally issued for a "Digital Library System."  The invention disclosed by the '499 Patent relates to a digital library system that includes systems and mechanisms for capturing, managing, and distributing multimedia data.  A true and correct copy of the '499 Patent is attached hereto as Exhibit "B."

8.      On July 18, 2000, United States Patent No. 6,092,080 ("the '080 Patent") was duly and legally issued for a "Digital Library System."  The invention disclosed by the '080 Patent relates to a digital library system that includes systems and mechanisms for capturing, managing, and distributing multimedia data.  A true and correct copy of the '080 Patent is attached hereto as Exhibit "C."

9.     On March 5, 2002, United States Patent No. 6,353,831 ("the '831 Patent") was duly and legally issued for a "Digital Library System."  The invention disclosed by the '831 Patent relates to a digital library system that includes systems and mechanisms for capturing, managing, and distributing multimedia data.  A true and correct copy of the '831 Patent is attached hereto as Exhibit "D."

10.     On November 3, 1998, United States Patent No. 5,832,495 ("the '495 Patent") was duly and legally issued for a "Method and Apparatus for Cataloguing Multimedia Data." The invention disclosed by the '495 Patent relates to cataloguing of data such as multimedia data. It comprises a catalog including one or more catalog elements, each of which has one or more attributes.  These attributes may be used to build one or more indices that can be used to facilitate catalog access.  A true and correct copy of the '495 Patent is attached hereto as Exhibit "E."

11.     On November 5, 2002, United States Patent No. 6,477,537 ("the '537 Patent") was duly and legally issued for a "Method and Apparatus for Management of Multimedia Assets."  The invention disclosed by the '537 Patent is a generalized solution for management of multimedia assets comprising interfaces between various components of a multimedia system.  These interfaces provide for communication between the components to accomplish searching for and retrieving multimedia assets.  A true and correct copy of the '537 Patent is attached hereto as Exhibit "F."

12.     On March 6, 2001, United States Patent No. 6,199,060 ("the '060 Patent") was duly and legally issued for a "Method and Apparatus for Management of Multimedia Assets." The invention disclosed by the '060 Patent is a generalized solution for management of multimedia assets comprising interfaces between various components of a multimedia system.

These interfaces provide for communication between the components to accomplish searching for and retrieving multimedia assets.  A true and correct copy of the '060 Patent is attached hereto as Exhibit "G."

13.     On April 3, 2001, United States Patent No. 6,212,527 ("the '527 Patent") was duly and legally issued for a "Method and Apparatus for Cataloguing Multimedia Data." The invention disclosed by the '527 Patent relates to cataloguing of data such as multimedia data. It comprises a catalog including one or more catalog elements, each of which has one or more attributes.  These attributes may be used to build one or more indices that can be used to facilitate catalog access.  A true and correct copy of the '527 Patent is attached hereto as Exhibit "H."

14.     On April 15, 2003, United States Patent No. 6,549,911 ("the '911 Patent") was duly and legally issued for a "Method and Apparatus for Cataloguing Multimedia Data." The invention disclosed by the '911 Patent relates to cataloguing of data such as multimedia data. It comprises a catalog including one or more catalog elements, each of which has one or more attributes.  These attributes may be used to build one or more indices that can be used to facilitate catalog access.  A true and correct copy of the '911 Patent is attached hereto as Exhibit "I."

## **BACKGROUND**

15.     The USC Shoah Foundation (the "Shoah Foundation") developed the patented technology described in paragraphs 6-14, *supra* (collectively, the "Patents-in-Suit").  The Shoah Foundation's impetus was to gather, catalog and make available for access thousands of video testimonies.  In January 2006, the Survivors of the Shoah Visual History Foundation became part of the Dana and David Dornsife College of Letters, Arts and Sciences at the University of

4

Southern California in Los Angeles, where the testimonies in the Visual History Archive are preserved.

16.     Preservation Technologies has all substantial rights and interest to the Patents-in-Suit, including all rights to recover for all past and future infringements thereof.

## DEFENDANT'S ACTS

17.     Defendant manufactures, provides, sells, offers for sale, uses, and/or distributes infringing systems, articles, and methods, as well as provides computerized instructions that direct, control and/or put into use components that practice the claimed inventions.  The infringing Defendant systems, articles, and methods include, but are not limited to, systems, articles, and methods relating to the cataloguing, organizing, searching, rating, and provisioning of digital multimedia data, including but not limited to Defendant's "mlb.mlb.com" Internet website for streaming video, and related home and mobile device-specific applications (the "Accused Systems").  In addition to the foregoing, Defendant also provides related services, specifications, and instructions for the installation and operation of such systems and articles to its end-users and customers.  Defendant acquired knowledge of the Patents no later than September 29, 2014, the date Defendant received Plaintiff's Notice of Infringement letter.

## COUNT 1

(Direct and indirect infringement of United States Patent No. 5,813,014)

18.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-17 as if set forth in their entirety herein.

19.     Upon information and belief, Defendant, without permission of Preservation Technologies, has been and is presently infringing the '014 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through using, selling, offering for sale, and/or importing systems, articles, and methods infringing one or more claims of the '014 Patent. Defendant is thus liable for

5

direct infringement of the '014 Patent pursuant to 35 U.S.C. § 271(a).

20.     Defendant had actual knowledge of the '014 Patent at least as of September 29, 2014, the date Defendant received Plaintiff's notice letter.

21.     On information and belief, since obtaining knowledge of the '014 Patent as set forth in paragraph 20, Defendant has indirectly infringed and continues to indirectly infringe the '014 Patent by actively inducing infringement by others, including Defendant's end users and/or customers, of one or more of the claims of the '014 Patent in violation of 35 U.S.C. § 271(b). Defendant's active inducement of infringement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that its action would induce infringement of, the '014 Patent, as demonstrated by, inter alia, providing specifications and instructions for the installation and operation of its Accused Systems, including uses that infringe one or more claims of the '014 Patent, and/or causing, urging, encouraging and/or aiding others through contracts, agreements, and/or computerized instructions to perform one or more steps of a method claimed in the '014 Patent.

22.     On information and belief, since obtaining knowledge of the '014 Patent as set forth in paragraph 20, Defendant has indirectly infringed and continues to indirectly infringe the '014 Patent by contributorily infringing one or more of the claims of the '014 Patent based on the direct infringement of others, including Defendant's end users and/or customers, in violation of 35 U.S.C. § 271(c).  Defendant's contributory infringement has occurred with knowledge that its Accused Systems are a material part of the invention, and are especially made or adapted for a use that infringes one or more claims of the '014 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

23.     On information and belief, Defendant MLB has indirectly infringed the '014 Patent

by, for example, providing the mlb.mlb.com website that operates in an infringing manner or instructing others, including end users and customers, to operate the website in an infringing manner, and others doing so.  As an example of indirect infringement, end users of the mlb.mlb.com website retrieve game highlights, commentary, videos, clips and other media types associated with keywords, such as "Atlanta," such by using the solutions and interfaces described in paragraph 6.  Among other retrieval results, those for certain keywords related to an end-user's supplied keyword are returned (e.g., in response to a search for the keyword "Atlanta," results included those related to the Major League baseball team from Atlanta, the Braves), thereby evidencing the use of associative, whole-part or inheritance relationships among keywords, in part because the same content can be retrieved with multiple such keywords.  Additionally, there is no substantial non-infringing use of the Accused Systems.

24.     Defendant's active inducement of infringement and contributory infringement has occurred with actual knowledge of the '014 Patent.

25.     As a result of Defendant's infringement of the '014 Patent, Preservation Technologies has suffered monetary damages. Defendant is, thus, liable to Preservation Technologies in an amount that adequately compensates it for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT 2

(Direct and indirect infringement of United States Patent No. 5,832,499)

26.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-17 as if set forth in their entirety herein.

27.     Upon information and belief, Defendant, without permission of Preservation Technologies, has been and is presently infringing the '499 Patent, as infringement is defined by

7

35 U.S.C. § 271(a), including through using, selling, offering for sale, and/or importing systems, articles, and methods infringing one or more claims of the '499 Patent. Defendant is thus liable for direct infringement of the '499 Patent pursuant to 35 U.S.C. § 271(a).

28.     Defendant had actual knowledge of the '499 Patent at least as of September 29, 2014, the date Defendant received Plaintiff's notice letter.

29.     On information and belief, since obtaining knowledge of the '499 Patent as set forth in paragraph 28, Defendant has indirectly infringed and continues to indirectly infringe the '499 Patent by actively inducing infringement by others, including Defendant's end users and/or customers, of one or more of the claims of the '499 Patent in violation of 35 U.S.C. § 271(b). Defendant's active inducement of infringement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that its action would induce infringement of, the '499 Patent, as demonstrated by, inter alia, providing specifications and instructions for the installation and operation of its Accused Systems, including uses that infringe one or more claims of the '499 Patent, and/or causing, urging, encouraging and/or aiding others through contracts, agreements, and/or computerized instructions to perform one or more steps of a method claimed in the '499 Patent.

30.     On information and belief, since obtaining knowledge of the '499 Patent as set forth in paragraph 28, Defendant has indirectly infringed and continues to indirectly infringe the '499 Patent by contributorily infringing one or more of the claims of the '499 Patent based on the direct infringement of others, including Defendant's end users and/or customers, in violation of 35 U.S.C. § 271(c).  Defendant's contributory infringement has occurred with knowledge that its Accused Systems are a material part of the invention, and are especially made or adapted for a use that infringes one or more claims of the '499 Patent and are not a staple article or commodity of

commerce suitable for substantial non-infringing uses.

31.     On information and belief, Defendant MLB has indirectly infringed the '499 Patent by, for example, providing the mlb.mlb.com website that operates in an infringing manner or instructing others, including end users and customers, to operate the website in an infringing manner, and others doing so.  As an example of indirect infringement, end users of the mlb.mlb.com website retrieve game highlights, commentary, videos, clips and other media types associated with keywords, such as "Atlanta," such by using the solutions and interfaces described in paragraph 7.  Among other retrieval results, those for certain keywords related to an end-user's supplied keyword are returned (e.g., in response to a search for the keyword "Atlanta," results included those related to the Major League baseball team from Atlanta, the Braves), thereby evidencing the use of associative, whole-part or inheritance relationships among keywords, in part because the same content can be retrieved with multiple such keywords.  Both the website and instructions induce others to infringe.  Additionally, there is no substantial non-infringing use of the Accused Systems.

32.     Defendant's active inducement of infringement and contributory infringement has occurred with actual knowledge of the '499 Patent.

33.     As a result of Defendant's infringement of the '499 Patent, Preservation Technologies has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT 3

(Direct and indirect infringement of United States Patent No. 6,092,080)

34.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-17 as if set forth in their entirety herein.

35.     Upon information and belief, Defendant, without permission of Preservation

Technologies, has been and is presently infringing the '080 Patent, as infringement is defined by

35 U.S.C. § 271(a), including through using, selling, offering for sale, and/or importing systems,

articles, and methods infringing one or more claims of the '080 Patent. Defendant is thus liable

for direct infringement of the '080 Patent pursuant to 35 U.S.C. § 271(a).

36.     Defendant had actual knowledge of the '080 Patent at least as of September 29,

2014, the date Defendant received Plaintiff's notice letter.

37.      On information and belief, since obtaining knowledge of the '080 Patent as set

forth in paragraph 36, Defendant has indirectly infringed and continues to indirectly infringe the

'080 Patent by actively inducing infringement by others, including Defendant's end users and/or

customers, of one or more of the claims of the '080 Patent in violation of 35 U.S.C. § 271(b).

Defendant's active inducement of infringement has occurred with the specific intent of

encouraging others to infringe, or with willful blindness to the fact that its action would induce

infringement of, the '080 Patent, as demonstrated by, inter alia, providing specifications and

instructions for the installation and operation of its Accused Systems, including uses that

infringe one or more claims of the '080 Patent, and/or causing, urging, encouraging and/or

aiding others through contracts, agreements, and/or computerized instructions to perform one or

more steps of a method claimed in the '080 Patent.

38.      On information and belief, since obtaining knowledge of the '080 Patent as set

forth in paragraph 36, Defendant has indirectly infringed and continues to indirectly infringe the

'080 Patent by contributorily infringing one or more of the claims of the '080 Patent based on the

direct infringement of others, including Defendant's end users and/or customers, in violation of 35

U.S.C. § 271(c).  Defendant's contributory infringement has occurred with knowledge that its

Accused Systems are a material part of the invention, and are especially made or adapted for a use

that infringes one or more claims of the '080 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

39.     On information and belief, Defendant MLB has indirectly infringed the '080 Patent by, for example, providing the mlb.mlb.com website that operates in an infringing manner or instructing others, including end users and customers, to operate the website in an infringing manner, and others doing so.  As an example of indirect infringement, end users of the mlb.mlb.com website retrieve game highlights, commentary, videos, clips and other media types associated with keywords, such as "Atlanta," by using the various systems and mechanisms described in paragraph 8.  Both the website and instructions induce others to infringe. Additionally, there is no substantial non-infringing use of the Accused Systems.

40.     Defendant's active inducement of infringement and contributory infringement has occurred with actual knowledge of the '080 Patent.

41.     As a result of Defendant's infringement of the '080 Patent, Preservation Technologies has suffered monetary damages. Defendant is, thus, liable to Preservation Technologies in an amount that adequately compensates it for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT 4

(Direct and indirect infringement of United States Patent No. 6,353,831)

42.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-17 as if set forth in their entirety herein.

43.     Upon information and belief, Defendant, without permission of Preservation Technologies, has been and is presently infringing the '831 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through using, selling, offering for sale, and/or importing systems,

articles, and methods infringing one or more claims of the '831 Patent. Defendant is thus liable for direct infringement of the '831 Patent pursuant to 35 U.S.C. § 271(a).

44.     Defendant had actual knowledge of the '831 Patent at least as of September 29, 2014, the date Defendant received Plaintiff's notice letter.

45.     On information and belief, since obtaining knowledge of the '831 Patent as set forth in paragraph 44, Defendant has indirectly infringed and continues to indirectly infringe the '831 Patent by actively inducing infringement by others, including Defendant's end users and/or customers, of one or more of the claims of the '831 Patent in violation of 35 U.S.C. § 271(b). Defendant's active inducement of infringement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that its action would induce infringement of, the '831 Patent, as demonstrated by, inter alia, providing specifications and instructions for the installation and operation of its Accused Systems, including uses that infringe one or more claims of the '831 Patent, and/or causing, urging, encouraging and/or aiding others through contracts, agreements, and/or computerized instructions to perform one or more steps of a method claimed in the '831 Patent.

46.     On information and belief, since obtaining knowledge of the '831 Patent as set forth in paragraph 44, Defendant has indirectly infringed and continues to indirectly infringe the '831 Patent by contributorily infringing one or more of the claims of the '831 Patent based on the direct infringement of others, including Defendant's end users and/or customers, in violation of 35 U.S.C. § 271(c).  Defendant's contributory infringement has occurred with knowledge that its Accused Systems are a material part of the invention, and are especially made or adapted for a use that infringes one or more claims of the '831 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

47.     On information and belief, Defendant MLB has indirectly infringed the '831 Patent by, for example, providing the mlb.mlb.com website that operates in an infringing manner or instructing others, including end users and customers, to operate the website in an infringing manner, and others doing so.  As an example of indirect infringement, end users of the mlb.mlb.com website retrieve game highlights, commentary, videos, clips and other media types associated with keywords, such as "Atlanta," by using the various systems and mechanisms described in paragraph 9.  Both the website and instructions induce others to infringe.  Additionally, there is no substantial non-infringing use of the Accused Systems.

48.     Defendant's active inducement of infringement and contributory infringement has occurred with actual knowledge of the '831 Patent.

49.     As a result of Defendant's infringement of the '831 Patent, Preservation Technologies has suffered monetary damages. Defendant is, thus, liable to Preservation Technologies in an amount that adequately compensates it for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT 5

(Direct and indirect infringement of United States Patent No. 5,832,495)

50.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-17 as if set forth in their entirety herein.

51.     Upon information and belief, Defendant, without permission of Preservation Technologies, has been and is presently infringing the '495 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through using, selling, offering for sale, and/or importing systems, articles, and methods infringing one or more claims of the '495 Patent.  Defendant is thus liable for direct infringement of the '495 Patent pursuant to 35 U.S.C. § 271(a).

52.    Defendant had actual knowledge of the '495 Patent at least as of September 29, 2014, the date Defendant received Plaintiff's notice letter.

53.    On information and belief, since obtaining knowledge of the '495 Patent as set forth in paragraph 52, Defendant has indirectly infringed and continues to indirectly infringe the '495 Patent by actively inducing infringement by others, including Defendant's end users and/or customers, of one or more of the claims of the '495 Patent in violation of 35 U.S.C. § 271(b). Defendant's active inducement of infringement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that its action would induce infringement of, the '495 Patent, as demonstrated by, inter alia, providing specifications and instructions for the installation and operation of its Accused Systems, including uses that infringe one or more claims of the '495 Patent, and/or causing, urging, encouraging and/or aiding others through contracts, agreements, and/or computerized instructions to perform one or more steps of a method claimed in the '495 Patent.

54.    On information and belief, since obtaining knowledge of the '495 Patent as set forth in paragraph 52, Defendant has indirectly infringed and continues to indirectly infringe the '495 Patent by contributorily infringing one or more of the claims of the '495 Patent based on the direct infringement of others, including Defendant's end users and/or customers, in violation of 35 U.S.C. § 271(c).  Defendant's contributory infringement has occurred with knowledge that its Accused Systems are a material part of the invention, and are especially made or adapted for a use that infringes one or more claims of the '495 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

55.    On information and belief, Defendant MLB has indirectly infringed the '495 Patent by, for example, providing the mlb.mlb.com website that operates in an infringing manner or

instructing others, including end users and customers, to operate the website in an infringing

manner, and others doing so.  As an example of indirect infringement, end users of the

mlb.mlb.com website retrieve game highlights, commentary, videos, clips and other media types

associated with keywords, such as "Atlanta," such by using the solutions and interfaces described

in paragraph 10.  Among other retrieval results, those for certain keywords related to an end-user's

supplied keyword are returned (e.g., in response to a search for the keyword "Atlanta," results

included those related to the Major League baseball team from Atlanta, the Braves), thereby

evidencing the use of associative, whole-part or inheritance relationships among keywords, in part

because the same content can be retrieved with multiple such keywords.  Both the website and

instructions induce others to infringe.  Additionally, there is no substantial non-infringing use of

the Accused Systems.

56.     Defendant's active inducement of infringement and contributory

infringement has occurred with actual knowledge of the '495 Patent.

57.     As a result of Defendant's infringement of the '495 Patent, Preservation

Technologies has suffered monetary damages. Defendant is, thus, liable to Preservation

Technologies in an amount that adequately compensates it for Defendant's infringement, which, by

law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court

under 35 U.S.C. § 284.

## COUNT 6

(Direct and indirect infringement of United States Patent No. 6,477,537)

58.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-17 as if set forth in

their entirety herein.

59.     Upon information and belief, Defendant, without permission of Preservation

Technologies, has been and is presently infringing the '537 Patent, as infringement is defined by

35 U.S.C. § 271(a), including through using, selling, offering for sale, and/or importing systems, articles, and methods infringing one or more claims of the '537 Patent. Defendant is thus liable for direct infringement of the '537 Patent pursuant to 35 U.S.C. § 271(a).

60.     Defendant had actual knowledge of the '537 Patent at least as of September 29, 2014, the date Defendant received Plaintiff's notice letter.

61.     On information and belief, since obtaining knowledge of the '537 Patent as set forth in paragraph 60, Defendant has indirectly infringed and continues to indirectly infringe the '537 Patent by actively inducing infringement by others, including Defendant's end users and/or customers, of one or more of the claims of the '537 Patent in violation of 35 U.S.C. § 271(b). Defendant's active inducement of infringement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that its action would induce infringement of, the '537 Patent, as demonstrated by, inter alia, providing specifications and instructions for the installation and operation of its Accused Systems, including uses that infringe one or more claims of the '537 Patent, and/or causing, urging, encouraging and/or aiding others through contracts, agreements, and/or computerized instructions to perform one or more steps of a method claimed in the '537 Patent.

62.     On information and belief, since obtaining knowledge of the '537 Patent as set forth in paragraph 60, Defendant has indirectly infringed and continues to indirectly infringe the '537 Patent by contributorily infringing one or more of the claims of the '537 Patent based on the direct infringement of others, including Defendant's end users and/or customers, in violation of 35 U.S.C. § 271(c). Defendant's contributory infringement has occurred with knowledge that its Accused Systems are a material part of the invention, and are especially made or adapted for a use that infringes one or more claims of the '537 Patent and are not a staple article or commodity of

commerce suitable for substantial non-infringing uses.

63.     On information and belief, Defendant MLB has indirectly infringed the '537 Patent by, for example, providing the mlb.mlb.com website that operates in an infringing manner or instructing others, including end users and customers, to operate the website in an infringing manner, and others doing so.  As an example of indirect infringement, end users of the mlb.mlb.com website retrieve game highlights, commentary, videos, clips and other media types associated with keywords, such as "Atlanta," by using the various solutions and interfaces described in paragraph 11.  Both the website and instructions induce others to infringe. Additionally, there is no substantial non-infringing use of the Accused System.

64.     Defendant's active inducement of infringement and contributory infringement has occurred with actual knowledge of the '537 Patent.

65.     As a result of Defendant's infringement of the '537 Patent, Preservation Technologies has suffered monetary damages. Defendant is, thus, liable to Preservation Technologies in an amount that adequately compensates it for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT 7

(Direct and indirect infringement of United States Patent No. 6,199,060)

66.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-17 as if set forth in their entirety herein.

67.     Upon information and belief, Defendant, without permission of Preservation Technologies, has been and is presently infringing the '060 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through using, selling, offering for sale, and/or importing systems, articles, and methods infringing one or more claims of the '060 Patent. Defendant is thus liable

for direct infringement of the '060 Patent pursuant to 35 U.S.C. § 271(a).

68.     Defendant had actual knowledge of the '060 Patent at least as of September 29, 2014, the date Defendant received Plaintiff's notice letter.

69.     On information and belief, since obtaining knowledge of the '060 Patent as set forth in paragraph 68, Defendant has indirectly infringed and continues to indirectly infringe the '060 Patent by actively inducing infringement by others, including Defendant's end users and/or customers, of one or more of the claims of the '060 Patent in violation of 35 U.S.C. § 271(b). Defendant's active inducement of infringement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that its action would induce infringement of, the '060 Patent, as demonstrated by, inter alia, providing specifications and instructions for the installation and operation of its Accused Systems, including uses that infringe one or more claims of the '060 Patent, and/or causing, urging, encouraging and/or aiding others through contracts, agreements, and/or computerized instructions to perform one or more steps of a method claimed in the '060 Patent.

70.     On information and belief, since obtaining knowledge of the '060 Patent as set forth in paragraph 68, Defendant has indirectly infringed and continues to indirectly infringe the '060 Patent by contributorily infringing one or more of the claims of the '060 Patent based on the direct infringement of others, including Defendant's end users and/or customers, in violation of 35 U.S.C. § 271(c). Defendant's contributory infringement has occurred with knowledge that its Accused Systems are a material part of the invention, and are especially made or adapted for a use that infringes one or more claims of the '060 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

71.     On information and belief, Defendant MLB has indirectly infringed the '060 Patent

by, for example, providing the mlb.mlb.com website that operates in an infringing manner or instructing others, including end users and customers, to operate the website in an infringing manner, and others doing so.  As an example of indirect infringement, end users of the mlb.mlb.com website retrieve game highlights, commentary, videos, clips and other media types associated with keywords, such as "Atlanta," by invoking search requests, receiving search responses, invoking retrieval requests and receiving multimedia data and using the various solutions and interfaces described in paragraph 12.  Both the website and instructions induce others to infringe.  Additionally, there is no substantial non-infringing use of the Accused Systems.

72.    Defendant's active inducement of infringement and contributory infringement has occurred with actual knowledge of the '060 Patent.

73.    As a result of Defendant's infringement of the '060 Patent, Preservation Technologies has suffered monetary damages. Defendant is, thus, liable to Preservation Technologies in an amount that adequately compensates it for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT 8

(Direct and indirect infringement of United States Patent No. 6,212,527)

74.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-17 as if set forth in their entirety herein.

75.    Upon information and belief, Defendant, without permission of Preservation Technologies, has been and is presently infringing the '527 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through using, selling, offering for sale, and/or importing systems, articles, and methods infringing one or more claims of the '527 Patent. Defendant is thus liable

for direct infringement of the '527 Patent pursuant to 35 U.S.C. § 271(a).

76.     Defendant had actual knowledge of the '527 Patent at least as of September 29, 2014, the date Defendant received Plaintiff's notice letter.

77.     On information and belief, since obtaining knowledge of the '527 Patent as set forth in paragraph 76, Defendant has indirectly infringed and continues to indirectly infringe the '527 Patent by actively inducing infringement by others, including Defendant's end users and/or customers, of one or more of the claims of the '527 Patent in violation of 35 U.S.C. § 271(b). Defendant's active inducement of infringement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that its action would induce infringement of, the '527 Patent, as demonstrated by, inter alia, providing specifications and instructions for the installation and operation of its Accused Systems, including uses that infringe one or more claims of the '527 Patent, and/or causing, urging, encouraging and/or aiding others through contracts, agreements, and/or computerized instructions to perform one or more steps of a method claimed in the '527 Patent.

78.     On information and belief, since obtaining knowledge of the '527 Patent as set forth in paragraph 76, Defendant has indirectly infringed and continues to indirectly infringe the '527 Patent by contributorily infringing one or more of the claims of the '527 Patent based on the direct infringement of others, including Defendant's end users and/or customers, in violation of 35 U.S.C. § 271(c).  Defendant's contributory infringement has occurred with knowledge that its Accused Systems are a material part of the invention, and are especially made or adapted for a use that infringes one or more claims of the '527 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

79.     On information and belief, Defendant MLB has indirectly infringed the '527

Patent by, for example, providing the mlb.mlb.com website that operates in an infringing manner or instructing others, including end users and customers, to operate the website in an infringing manner, and others doing so. As an example of indirect infringement, end users of the mlb.mlb.com website retrieve game highlights, commentary, videos, clips and other media types associated with keywords, such as "Atlanta," or selecting from various menus evidencing associative, whole-part or inheritance relationships among keywords, such as particular game highlights such as home runs or errors by using the various catalogues, catalogue elements and attributes described in paragraph 13. Both the website and instructions induce others to infringe. Additionally, there is no substantial non-infringing use of the Accused Systems.

80. Defendant's active inducement of infringement and contributory infringement has occurred with actual knowledge of the '527 Patent.

81. As a result of Defendant's infringement of the '527 Patent, Preservation Technologies has suffered monetary damages. Defendant is, thus, liable to Preservation Technologies in an amount that adequately compensates it for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT 9

(Direct and indirect infringement of United States Patent No. 6,549,911)

82. Plaintiff repeats and re-alleges the allegations in paragraphs 1-17 as if set forth in their entirety herein.

83. Upon information and belief, Defendant, without permission of Preservation Technologies, has been and is presently infringing the '911 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through using, selling, offering for sale, and/or importing systems, articles, and methods infringing one or more claims of the '911 Patent. Defendant is thus liable

21

for direct infringement of the '911 Patent pursuant to 35 U.S.C. § 271(a).

84.     Defendant had actual knowledge of the '911 Patent at least as of September 29, 2014, the date Defendant received Plaintiff's notice letter.

85.     On information and belief, since obtaining knowledge of the '911 Patent as set forth in paragraph 84, Defendant has indirectly infringed and continues to indirectly infringe the '911 Patent by actively inducing infringement by others, including Defendant's end users and/or customers, of one or more of the claims of the '911 Patent in violation of 35 U.S.C. § 271(b). Defendant's active inducement of infringement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that its action would induce infringement of, the '911 Patent, as demonstrated by, inter alia, providing specifications and instructions for the installation and operation of its Accused Systems, including uses that infringe one or more claims of the '911 Patent, and/or causing, urging, encouraging and/or aiding others through contracts, agreements, and/or computerized instructions to perform one or more steps of a method claimed in the '911 Patent.

86.     On information and belief, since obtaining knowledge of the '911 Patent as set forth in paragraph 84, Defendant has indirectly infringed and continues to indirectly infringe the '911 Patent by contributorily infringing one or more of the claims of the '911 Patent based on the direct infringement of others, including Defendant's end users and/or customers, in violation of 35 U.S.C. § 271(c). Defendant's contributory infringement has occurred with knowledge that its Accused Systems are a material part of the invention, and are especially made or adapted for a use that infringes one or more claims of the '911 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

87.     On information and belief, Defendant MLB has indirectly infringed the '911 Patent

by, for example, providing the mlb.mlb.com website that operates in an infringing manner or instructing others, including end users and customers, to operate the website in an infringing manner, and others doing so. As an example of indirect infringement, end users of the mlb.mlb.com website retrieve game highlights, commentary, videos, clips and other media types associated with keywords, such as "Atlanta," or selecting from various menus evidencing associative, whole-part or inheritance relationships among keywords, such as particular game highlights such as home runs or errors by using the various catalogues, catalogue elements and attributes described in paragraph 14. Both the website and instructions induce others to infringe. Additionally, there is no substantial non-infringing use of the Accused Systems.

88.     Defendant's active inducement of infringement and contributory infringement has occurred with actual knowledge of the '911 Patent.

89.     As a result of Defendant's infringement of the '911 Patent, Preservation Technologies has suffered monetary damages. Defendant is, thus, liable to Preservation Technologies in an amount that adequately compensates it for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff Preservation Technologies hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Preservation Technologies respectfully requests that the Court:

A.     Judgment that one or more claims of the Patents-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

B.     Award Plaintiff Preservation Technologies past and future damages together with

prejudgment and post-judgment interest to compensate for the infringement by Defendant of the

Patents-in-Suit in accordance with 35 U.S.C. § 284

     C.    Declare this case exceptional pursuant to 35 U.S.C. § 285; and

     D.    Award Plaintiff Preservation Technologies its costs, disbursements, attorneys' fees,

and such further and additional relief as is deemed appropriate by this Court.


Dated: October 10, 2014          Respectfully submitted,

          FARNAN LLP

Of  Counsel:          /s/ Brian E. Farnan
          Brian E. Farnan (Bar No. 4089)
William M. Parrish          Michael J. Farnan (Bar No. 5165)
Nicole E. Glauser          919 N. Market St., 12th Floor
Stefanie T. Scott          Wilmington, DE 19806
DiNovo Price Ellwanger & Hardy LLP    (302) 777-0300
7000 North Mopac Expy, Suite 3    (302) 777-0301 (fax)
Austin, Texas 78731        bfarnan@farnanlaw.com
(512) 539-2626         mfarnan@farnanlaw.com
(512) 539-2627 (fax)

          ATTORNEYS FOR PLAINTIFF
          PRESERVATION TECHNOLOGIES LLC